IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AMANDA NORRIS *et al.*,
   *Plaintiffs,*

v.

PNC BANK, N.A., *et al.*,

   *Defendants.*

Civil Action No. ELH-20-3315

**MEMORANDUM**

On October 14, 2020, Amanda Norris and Joseph Norris, III, self-represented plaintiffs, filed suit in the Circuit Court for Baltimore County against Safeguard Properties Management, LLC ("Safeguard") and PNC Bank, N.A. ("PNC"). ECF 2 ("Complaint"). The Complaint alleges breach of contract, trespass, and invasion of privacy/intrusion upon seclusion. Defendants removed the case to this Court on November 16, 2020, on the basis of diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332 and 1441. ECF 1 ("Notice of Removal").

On December 9, 2020, I entered a Scheduling Order. ECF 14. Among other things, it set a discovery deadline of May 6, 2021, and a dispositive motion deadline of June 7, 2021. Also of relevance, a settlement conference was set for March 25, 2021. ECF 23.

The parties now dispute a motion filed by defendants for an extension of time to complete discovery. In particular, on March 17, 2021, defendants submitted a "Motion for Extension of Scheduling Order Deadlines" (ECF 29), supported by a memorandum. ECF 29-1 (collectively, the "Motion"). Defendants seek to extend the discovery deadline to June 15, 2021, and the summary judgment deadline to July 15, 2021. ECF 29-1, ¶ 10. According to defendants, plaintiffs have been "slow to respond to discovery"; "many of their responses and documents

remain outstanding"; and defendants "have not been able to depose Plaintiffs yet." *Id.* ¶ 8. Moreover, defendants contend that the settlement conference has been moved to June 7, 2021, and the conference should occur at or near the close of discovery and before the summary judgment deadline. *Id.* ¶ 9.

Plaintiffs oppose the Motion (ECF 30; ECF 31), supported by eight exhibits. They assert that "Defendants are not acting in good faith." ECF 30 at 6. According to plaintiffs, defendants have not responded to their "settlement demand letter" and changed the date of the settlement conference without conferring with plaintiffs. ECF 30, ¶¶ 7-16. Further, plaintiffs dispute defendants' claim that they have been slow to respond to discovery. Rather, plaintiffs posit that "neither Defendant has produced one document or answered Plaintiffs' Interrogatories to this date." *Id.* ¶ 31.

Defendants have replied. ECF 32. They explain that the discovery extension will also give them additional time to resolve the discovery disputes, without court intervention. *Id.* ¶ 7.

Fed. R. Civ. P. 26(b)(2)(C) provides, in relevant part: "On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Notably, the Fourth Circuit has said: "A district court has 'wide latitude in controlling discovery and . . . its rulings will not be overturned absent a showing of clear abuse of discretion.'" *Rowland v. Am. Gen. Fin., Inc.*, 340 F.3d 187, 195 (4th Cir. 2003) (quoting *Ardrey v. United Parcel Service,* 798 F.2d 679, 682 (4th Cir. 1986)) (alterations in *Rowland*).

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir.

2

2008) ("[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings."). The moving party may show good cause by demonstrating that the relevant deadlines "cannot reasonably be met despite the diligence of the party needing an extension." *Vercon Constr., Inc. v. Highland Mortg. Co.*, 187 F. App'x 264, 265 (4th Cir. 2006). "[T]he primary consideration is the diligence of the moving party." *Montgomery v. Anne Arundel Cnty., Md.*, 182 F. App'x 156, 162 (4th Cir. 2006).

In my view, defendants have established good cause to extend the discovery deadline by 40 days. This is defendants' first request for a discovery extension, and it is certainly not for a lengthy period. Moreover, the extension may enable the parties to resolve their remaining discovery disputes without the Court's intervention. And, communication between the parties seems to be particularly slow because plaintiffs do not have access to email. *See* ECF 32 at 3 n.1. Therefore, I shall grant the Motion.

Accordingly, it is this 6th day of April, 2021, by the United States District Court for the District of Maryland, hereby ORDERED: the discovery deadline is extended until June 15, 2021; a status report is due on June 15, 2021; responses to requests for admission are due on June 23, 2021; and motion(s) for summary judgment are due by July 15, 2021.

                                                                             /s/
                                                Ellen L. Hollander
                                                United States District Judge