IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AMANDA NORRIS, *et al*,

  *Plaintiffs*

  v.

PNC BANK, N.A., *et al*,

  *Defendants.*

Civil No. ELH-20-3315

**MEMORANDUM**

This Memorandum resolves several motions. These include plaintiffs' request for an extension to respond to defendants' motions for summary judgment, as well as a motion by plaintiffs for leave to amend their Complaint. In addition, I address an apparent disagreement regarding the sealing of a summary judgment motion.

In light of the recent disposition of discovery disputes between the parties, I shall deny the defendants' motions for summary judgment as premature, and without prejudice to their right to submit such motions at a later time, in accordance with a new motions deadline. Therefore, I shall deny plaintiffs' extension request, as moot. I shall also deny plaintiffs' request to amend their Complaint. And, plaintiffs shall be required to amplify their position as to sealing.

**I. Procedural History**

On October 14, 2020, Amanda Norris and Joseph Norris, III, the self-represented plaintiffs, filed suit in the Circuit Court for Baltimore County against Safeguard Properties Management, LLC ("Safeguard") and PNC Bank, N.A. ("PNC"). ECF 2 ("Complaint"). The Complaint alleges

breach of contract, trespass, and invasion of privacy/intrusion upon seclusion, in connection with entries of plaintiffs' home between October and December of 2017. *Id*. ¶¶ 1-44.[1]

PNC, with the consent of Safeguard, removed the case to this Court on November 16, 2020, on the basis of diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332 and 1441. ECF 1 ("Notice of Removal"). Safeguard answered the Complaint on November 19, 2020. ECF 5. PNC answered the Complaint on December 4, 2020. ECF 13.

On December 9, 2020, I entered a Scheduling Order. ECF 14. Among other things, I set a discovery deadline of May 6, 2021, and a dispositive motion deadline of June 7, 2021. After a series of extensions (ECF 33; ECF 47; ECF 53), discovery ended on September 24, 2021, and the deadline for dispositive motions was extended to October 18, 2021.

Safeguard moved for summary judgment on September 27, 2021. ECF 63. As discussed, *infra*, Safeguard also moved for leave to file its summary judgment motion under seal. ECF 61 (the "Motion to Seal"). PNC moved for summary judgment on October 15, 2021. ECF 76. After Safeguard moved for summary judgment, plaintiffs requested permission to respond to Safeguard's motion within 30 days of the filing of PNC's then impending summary judgment motion. ECF 71. The Court granted the motion, in part; plaintiffs were granted 21 days to respond, dating from the filing of PNC's summary judgment motion. ECF 72.

More recently, plaintiffs moved to stay the filing of their opposition to defendants' summary judgment motions until the resolution of then-pending discovery disputes, discussed *infra*. ECF 80. In the alternative, plaintiffs sought a seven-day extension to respond. *Id*. Defendants opposed the stay request, but did not oppose the extension. ECF 82. The Court denied

---

[1] The parties dispute whether the home was vacant at the time. *See* ECF 63-1 at 2-6, 10-12; ECF 76 at 4-7, 11-12.

the stay request but granted the seven-day extension. ECF 83. As a result of these extensions, the deadline for plaintiffs to respond to defendants' motions for summary judgment is currently November 15, 2021. *See id.*

In addition, on September 27, 2021, plaintiffs filed a motion for leave to amend the Complaint (ECF 68, the "Motion to Amend"), along with 14 exhibits. ECF 68-1 to ECF 68-14.[2] The Motion to Amend seeks to add counts under Maryland "Foreclosure Law;" the Maryland Consumer Protection Act ("MCPA"), Md. Code (2013 Repl. Vol., 2021 Supp.), § 13-301 *et seq.* of the Commercial Law Article ("C.L."); the Fair Debt Collection Act, 15 U.S.C. § 1692 *et seq.*; the Maryland Consumer Debt Collection Act, C.L. § 14-201 *et seq.*; and Md. Code (2015 Repl. Vol.), § 7-113 of the Real Property Article, which pertains to residential evictions. ECF 68-14 (redlined version), ¶¶ 45-86. Both Safeguard (ECF 70) and PNC (ECF 74) have responded in opposition to the Motion to Amend. Plaintiffs have replied to both Safeguard (ECF 79) and PNC (ECF 81).

On June 8, 2021, the case was referred to Magistrate Judge Gesner for all discovery and related scheduling matters. ECF 41. Discovery disputes were brought before Judge Gesner, as between plaintiffs and Safeguard (*see* ECF 55; ECF 58; ECF 59), as well as plaintiffs and PNC. *See* ECF 57; ECF 60.

Judge Gesner resolved these disputes in a ruling on November 1, 2021. ECF 84. As part of this ruling, Judge Gesner ordered Safeguard to supplement its responses to three of plaintiffs' interrogatories, so as to identify more specifically the documents and information noted in its responses; respond to one of plaintiffs' interrogatories, but for a reduced time period; produce a

---

[2] Plaintiffs originally attempted to file their Motion to Amend on September 24, 2021, but it was returned by the Court because it did not contain an original signature, case caption with parties listed, or comparison copy. ECF 65. And, although plaintiffs successfully filed the Motion to Amend on September 27, 2021, it was not docketed until September 29, 2021. *See* Docket.

complete, unredacted version of an insurance policy, as requested by plaintiffs; and produce a privilege log. *Id*. at 1-4. And, Judge Gesner ordered PNC to supplement its responses to seven of plaintiffs' interrogatories, so as to identify more specifically the documents and information noted in its responses; respond to one of plaintiffs' interrogatories, but for a reduced time period; and produce a privilege log. *Id*. at 4-6. Judge Gesner ordered defendants to complete this production by November 15, 2021. *Id*. at 4, 6.

One of the discovery disputes between plaintiffs and Safeguard concerned plaintiffs' attempt to designate everything about their son, and everything about a particular address, as confidential. *Id*. at 2-3. This dispute was the basis for Safeguard's Motion to Seal, as its summary judgment motion referenced both the son and the address. *See* ECF 61; ECF 87. Judge Gesner ruled that the son's name should remain confidential, but references to the son and the address were not appropriately designated as confidential. ECF 84 at 3. After Judge Gesner's ruling, Safeguard filed a "Supplement" seeking to withdraw its Motion to Seal, but it requested the redaction of one exhibit to its summary judgment motion, because it referenced the son's name. ECF 87. However, Safeguard advised that plaintiffs believe the entire motion should remain under seal, and indicated it had no opposition to plaintiffs filing a statement explaining their position. *Id*. ¶ 6. Plaintiffs have not yet responded to the Supplement.

On November 9, 2021, plaintiffs moved for a further extension of the deadline to oppose defendants' motions for summary judgment. ECF 89 (the "Extension Motion"). In particular, they seek a 60-day extension. *Id*. at 1. Plaintiffs argue that the forthcoming discovery is needed for their opposition, and want time to review the material. *Id*. at 1-3.[3] The Extension Motion

---

[3] Plaintiffs also reference a desire to take "written depositions," which they represent that they did not have the "chance" to do before the filing of the motions for summary judgment. ECF 89 at 2-3. However, discovery ended on September 24, 2021, and Judge Gesner did not reopen it in her ruling.

includes affidavits from plaintiffs averring that the statements in the motion are true. *Id*. at 5. Safeguard (ECF 91) and PNC (ECF 92) have responded in opposition. They argue the forthcoming material has no bearing on plaintiffs' efforts to defeat summary judgment, and note the extensions plaintiffs have already received. ECF 91 at 2-3; ECF 92 at 1-3.

## II. Summary Judgment

Fed. R. Civ. P. 56(d) provides that the Court may "defer considering" a summary judgment motion "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." The Fourth Circuit has also held that failure to file an affidavit may be excused "if the nonmoving party has adequately informed the district court that the motion is premature and that more discovery is necessary" and the "nonmoving party's objections before the district court 'served as the functional equivalent of an affidavit.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244-45 (4th Cir. 2002) (internal citations omitted).

Summary judgment ordinarily is inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. de Pont de Nemours and Co. v. Kolon Indus., Inc*., 637 F.3d 435, 448-49 (4th Cir. 2011). As the Fourth Circuit has said, when a district judge rules on a summary judgment motion prior to discovery, it is akin to "for[cing] the non-moving party into a fencing match without a sword or mask." *McCray v. Md. Dep't of Transp., Md. Transit Admin*., 741 F.3d 480, 483 (4th Cir. 2014)); *accord Putney v. Likin*, 656 F. App'x 632, 639 (4th Cir. 2016) (per curiam).

The parties here have engaged in discovery. But, in view of Judge Gesner's recent ruling, discovery is not complete. Plaintiffs assert in their Extension Motion that the additional discovery Safeguard and PNC have been ordered to produce by November 15, 2021, will be "beneficial" to their opposition. ECF 89, ¶ 7. Safeguard and PNC dispute that the material will be relevant. ECF

91, ¶¶ 12-14; ECF 92 at 1-3. Although the motions for summary judgment were submitted after the formal close of the discovery period, they were filed before the exchange of all discovery in this case. Therefore, the Court is of the view that the motions for summary judgment are premature. And, it would be in the interest of the effective management of this case to reset the summary judgment deadlines.

Accordingly, I will deny as premature the summary judgment motions by Safeguard (ECF 63) and PNC (ECF 76), without prejudice to their right to file such motions by December 15, 2021. That date is 30 days after the deadline set by Judge Gesner for defendants' production of additional discovery materials. It follows that I will deny the Extension Motion, as moot.

Assuming both Safeguard and PNC move again for summary judgment, plaintiffs must respond in opposition to both motions. Plaintiffs may submit a combined opposition if they so desire. But, the opposition (combined or separate) is due within 28 days of the date on which the later of the summary judgment motions is filed.

### III. Motion to Amend

As noted, plaintiffs have moved for leave to amend their Complaint to add several additional counts. ECF 68. Safeguard opposes the Motion to Amend as both prejudicial and futile. ECF 70. PNC has also responded in opposition, adding its own grounds for futility. ECF 74. It has also incorporated by reference Safeguard's arguments as to prejudice. *Id*. at 2 n.3.

Under Fed. R. Civ. P. 15(a)(2), "[a] court should freely give leave to amend when justice so requires." "Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason 'such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the

amendment or futility of the amendment.'" *Booth v. Maryland*, 337 F. App'x 301, 312 (4th Cir. 2009) (per curiam) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

When determining prejudice, "[c]ourts look at the nature of the proposed amendment, the purpose of the amendment, and the time when the amendment was filed." *Equal Rights Center v. Archstone Smith Trust*, 603 F. Supp. 2d 814, 818 (D. Md. 2009), *aff'd sub nom. Equal Rights Center v. Niles Bolton Associates*, 602 F.3d 597 (4th Cir. 2010). "Courts disfavor belated claims that change the character of litigation." *Equal Rights Center*, 603 F. Supp. 2d at 818.

In this context, the Court agrees with defendants that plaintiffs' Motion to Amend is unduly prejudicial. Plaintiffs moved to amend at the close of discovery.[4] There is no clear reason why plaintiffs waited nearly a year from the date they originally filed their Complaint to attempt to bring these new claims, as the proposed additional claims involve new legal theories but do not appear to involve new facts that were obtained during discovery. *See, e.g.*, ECF 68-14, ¶¶ 53, 56, 60, 64-67, 70, 85 (anchoring the new claims in the same events). Plaintiffs offer no justification for their delay in filing the Motion to Amend, save vague references to defendants not providing all requested discovery, without any specifics as to how this related to their new claims. *See* ECF 68 at 2; ECF 79 at 2.

Furthermore, several of the claims plaintiffs are attempting to introduce are substantially different from those currently pending. Whereas plaintiffs have brought claims for breach of

---

[4] Plaintiffs note that they attempted to file the Motion to Amend on September 24, 2021, the last day of discovery, before successfully filing it on September 27, 2021. ECF 79 at 2. But, whether plaintiffs filed on the last day of discovery or the first business day after the discovery period does not materially affect that they moved to amend at the close of discovery.

Safeguard (ECF 70 at 3-4) and PNC (ECF 74 at 3-4) both describe the Motion to Amend as filed after a defendant had moved for summary judgment. But, the Motion to Amend (ECF 68) and Safeguard's summary judgment motion (ECF 63) were both filed on September 27, 2021, although the Motion to Amend was not docketed until September 29, 2021.

contract, trespass, and invasion of privacy, the proposed Amended Complaint includes claims, *inter alia*, for violations of the Maryland foreclosure laws, the MCPA, and federal and state debt collection statutes. *See* ECF 68-14, ¶¶ 45-80. As defendants note (ECF 70 at 2-3), the introduction of these claims would significantly change the character of the litigation, and require plaintiffs to prove, and defendants to rebut, entirely new elements. This, in turn, raises the strong possibility of having to reopen discovery as to the new claims, so that the parties could gather additional facts not contemplated as relevant during the original discovery period. In addition, both Safeguard (*id.* at 5-11) and PNC (ECF 74 at 4-9) argue that plaintiffs' new claims are futile as a matter of law. Therefore, granting the Motion to Amend would likely lead to new motions to dismiss. All of this would substantially delay the resolution of this case at a point when it was entering the summary judgment phase. Defendants would also require additional discovery, to their prejudice.

The circumstances here are comparable to those in *Equal Rights Center*, 602 F.3d 597, which is cited by defendants. ECF 70 at 1-3. At the close of a three-year discovery period, a defendant moved to amend its cross-claim to assert a claim for contribution, while in the original cross-claim it had asserted a claim for indemnification. *Id.* at 600, 603. Judge Andre Davis, then a judge of this Court, denied the motion to amend on the grounds of both prejudice and futility. 603 F. Supp. 2d at 818-21. The Fourth Circuit affirmed. *Equal Rights Center*, 602 F.3d at 602-04. It stated, *id.* at 603-04: "[T]he district court held that the addition of a contribution claim after the close of a three-year long discovery process and on the eve of the deadline for dispositive motions would have required it to reopen discovery and thereby prejudice [the codefendant against whom the cross-claim was directed]. . . . We find compelling the court's analysis that the amendment—coming so belatedly—would change the nature of the litigation and, would therefore, prejudice [the codefendant]."

Here, as noted, plaintiffs waited about a year to assert a bevy of new claims against defendants. The Motion to Amend was filed at the close of discovery and just as defendants were moving for summary judgment. The claims involve new theories with new elements and would entitle defendants to additional discovery. But, the proposed new claims are not the product of facts uncovered during discovery. In this context, I find that the amendment would be unduly prejudicial. Therefore, I shall deny the Motion to Amend.

### IV. Sealing Dispute

Although I have denied Safeguard's summary judgment motion (ECF 63) as premature, without prejudice, the matter of its sealing remains. The common law presumes that the public and the press have a qualified right to inspect all judicial records and documents. *Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014) (citations omitted); *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004), *cert. denied*, 544 U.S. 949 (2005); *see also Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n.17 (1980) ("[H]istorically both civil and criminal trials have been presumptively open."). The common law right of access can be abrogated in "unusual circumstances," where "countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *accord Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 121 (D. Md. 2009).

The common law right of access is buttressed by a "more rigorous" right of access provided by the First Amendment, which applies to a more narrow class of documents, but is more demanding of public disclosure. *Rushford*, 846 F.2d at 253. If a court record is subject to the First Amendment right of public access, the record may be sealed "only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (citing *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984)). "When presented with a sealing request, our right-of-

access jurisprudence requires that a district court first 'determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake.'" *Doe*, 749 F.3d at 266 (4th Cir. 2014) (quoting *Stone*, 855 F.2d at 181).

As noted, in light of Judge Gesner's resolution of the confidentiality designation dispute, Safeguard has sought to withdraw its Motion to Seal. *See* ECF 87. But, Safeguard has advised that plaintiffs believe the entire motion should remain under seal (*id.* ¶ 6), and plaintiffs have not responded. Accordingly, plaintiffs may file, by December 1, 2021, a statement explaining their position as to the sealing of ECF 63, citing with specificity any content in ECF 63 that they believe warrants the continued sealing, in whole or in part. If plaintiffs do not file such a statement, the Court will assume Safeguard's request to lift the seal (ECF 87) is unopposed.

## V. Conclusion

For the foregoing reasons, I shall deny as premature the motions for summary judgment filed by Safeguard (ECF 63) and PNC (ECF 76), without prejudice, and permit new summary judgment motions to be filed by December 15, 2021. Therefore, I shall deny the Extension Motion (ECF 69) as moot. And, I shall deny the Motion to Amend (ECF 68). Finally, plaintiffs shall have until December 1, 2021, to explain their position as to the sealing of ECF 63.

An Order follows, consistent with this Memorandum.


Date: November 12, 2021                                    /s/
                                                      Ellen Lipton Hollander
                                                      United States District Judge