IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AMANDA NORRIS, *et al*,

  *Plaintiffs*

  v.

PNC BANK, N.A., *et al*,

  *Defendants.*

Civil No. ELH-20-3315

**MEMORANDUM**

The self-represented plaintiffs, Amanda Norris and Joseph Norris III, filed suit against Safeguard Properties Management, LLC ("Safeguard") and PNC Bank, N.A. ("PNC"), alleging breach of contract, trespass, and invasion of privacy/intrusion upon seclusion. ECF 2 (the "Complaint").[1] PNC serviced plaintiffs' mortgage, on which plaintiffs defaulted. *Id*. ¶¶ 2, 4. The suit arises from entries into plaintiffs' home in Baltimore County between October and December of 2017, allegedly "under the pretext of protecting" the home, "because it was purportedly reported vacant." *Id*. ¶ 7.

The parties dispute whether motions for summary judgment filed by defendants contain confidential information and warrant sealing. For the reasons that follow, I shall deny plaintiffs' request to seal defendants' summary judgment motions.

**I. Procedural History**

I recount only those aspects of the procedural history of this case that are pertinent here.

---

[1] Suit was filed in the Circuit Court for Baltimore County and removed to this Court by PNC, with Safeguard's consent. ECF 1.

The parties entered into a Confidentiality Order permitting a party to designate discovery material and information as "confidential," if the designation is made in good faith and after a reasonable inquiry. ECF 38. On June 8, 2021, I referred the case to Magistrate Judge Beth Gesner for discovery and related scheduling matters. ECF 41. Thereafter, discovery disputes were brought to Judge Gesner involving plaintiffs and Safeguard (*see* ECF 55; ECF 58; ECF 59), as well as plaintiffs and PNC. *See* ECF 57; ECF 60. One of the discovery disputes between plaintiffs and Safeguard concerned plaintiffs' attempt to designate everything about their son, and everything about a particular address, as confidential under the Confidentiality Order. ECF 84 at 2-3.

Safeguard moved for summary judgment on September 27, 2021. ECF 63. Safeguard also moved for leave to file its summary judgment motion under seal. ECF 61 (the "Motion to Seal"). The basis for the Motion to Seal was that the summary judgment motion, including its exhibits, referenced both the son and the address. *Id*. ¶ 6. However, Safeguard represented that it disagreed with plaintiffs' confidentiality designation, which it was challenging before Judge Gesner. *Id*. at 2 n.1. Nevertheless, it believed that filing the entire motion under seal was "the most prudent course of action," in "the spirit of cooperation, out of an abundance of caution, and because the Court has not ruled" on its challenges to the designations. *Id*. ¶ 7 at 2 n.1.

PNC moved for summary judgment on October 15, 2021. ECF 76. PNC did not move to file its motion under seal, and stated that it based its motion on "documents that are manifestly part of the public record . . . as well as on factual information in which no party has a good faith expectation of confidentiality." *Id*. at 1. As discussed, *infra*, no party had challenged PNC's filing of the motion on the public docket until plaintiffs' most recent filing.

On November 1, 2021, Judge Gesner resolved the confidentiality dispute, ruling that the son's name should remain confidential, but that references to the son and the address were not appropriately designated as confidential. ECF 84 at 3. Notably, no party objected to Judge Gesner's ruling within the 14-day period provided by the relevant rules. *See* Fed. R. Civ. P. 72(a); Local Rule 301.5(a).

After Judge Gesner's ruling, Safeguard filed a "Supplement" seeking to withdraw its Motion to Seal, but it requested the redaction of one exhibit to its summary judgment motion (Exhibit 9), because it referenced the son's name. ECF 87 ("the Supplement"). However, Safeguard advised that plaintiffs believed the entire motion should remain under seal, and indicated it had no opposition to plaintiffs filing a statement explaining their position. *Id.* ¶ 6.

In a Memorandum (ECF 94) and Order (ECF 95) of November 12, 2021, I gave the plaintiffs until December 1, 2021, to file a statement explaining their position as to the sealing of ECF 63, and directed plaintiffs to cite with specificity any content in ECF 63 that they believe warrants continued sealing, in whole or in part. I noted that if plaintiffs did not file such a statement, the Court would assume that Safeguard's request to lift the seal (ECF 87) was unopposed. In the Memorandum and Order, the Court also denied ECF 63 and ECF 76 as premature, without prejudice, while permitting defendants to file new summary judgment motions by December 15, 2021.[2]

In response to the Court's instruction, plaintiffs filed a statement on December 1, 2021. ECF 99 (the Statement"). Plaintiffs explain that they believe ECF 63 warrants sealing because of certain information in the motion and exhibits, which they describe as confidential. *Id.* In

---

[2] Although ECF 63 and ECF 76 have been denied, the issue of their sealing must still be addressed.

particular, plaintiffs identify certain "medical information" regarding plaintiffs in the motion, as well as the identification of their son's school. *Id*. In addition, for the first time, plaintiffs asked the Court to seal PNC's summary judgment motion, as well as its exhibits, for essentially the same reasons. *Id*. Furthermore, they assert that if ECF 63 and ECF 76 are not sealed, they should be permitted to unseal their filings that contain information designated by defendants as confidential. *Id*. at 2. Two exhibits are attached to the Statement. ECF 99-1; ECF 99-2.

Thereafter, the Court ordered the temporary sealing of ECF 76, and invited defendants to respond to the Statement by December 17, 2021. ECF 100. Both Safeguard (ECF 101) and PNC (ECF 103) have responded in opposition to the sealing of their summary judgment motions. Safeguard asserts that, with Judge Gesner having resolved the confidentiality designation dispute, there is no longer any basis for sealing ECF 63, and that more limited redactions would not be feasible. ECF 100, ¶¶ 3-8. Furthermore, it asked the Court to caution plaintiffs to respect the confidentiality designations in their own filings, without regard to the status of ECF 63 and ECF 76. *Id*. at 3 n.4. For its part, PNC argues that there is no basis to protect any of the information identified by plaintiffs, and that plaintiffs have waived their claims of confidentiality. ECF 103.

In the meantime, Safeguard (ECF 109) and PNC (ECF 110) have both filed their renewed summary judgment motions. Both motions are virtually identical to their earlier summary judgment motions, meaning they contain the same information as in the previous motions that plaintiffs argue is confidential and warrants sealing. As with ECF 63 and ECF 76, both Safeguard and PNC believe their latest summary judgment motions should be filed publicly. And, as directed by the Court (ECF 102), both motions have been temporarily filed under seal, pending the resolution of this sealing dispute.

## II. Discussion

Local Rule 105.11 requires any motion to seal to include proposed reasons supported by specific factual representations, and an explanation as to why alternatives to sealing would not provide sufficient protection. The Court may not rule upon such a motion until at least 14 days after it is made, and materials that are the subject of the motion shall remain temporarily sealed pending a ruling. *Id*.

In ruling on a motion to seal, the court must: (1) give the public notice that the sealing of documents may be ordered; (2) provide interested parties the opportunity to object to the motion; (3) state reasons on the record if the court decides to seal the case; and (4) state reasons for rejecting alternatives. *Rushford v. New Yorker Magazine, Inc*., 846 F.2d 249, 253-54 (4th Cir. 1988). When motions have been docketed and available to the public for multiple weeks, as here, the first two requirements have been met. *Padco Advisors, Inc. v. Omdahl*, 179 F. Supp. 2d 600, 614 (D. Md. 2002). "[T]he court should consider less drastic alternatives to sealing, such as filing redacted versions of the documents." *Rock v. McHugh*, 819 F. Supp. 2d 456, 475 (D. Md. 2011).

The common law presumes that the public and the press have a qualified right to inspect all judicial records and documents. *Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014) (citations omitted); *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004), *cert. denied*, 544 U.S. 949 (2005); *see also Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n.17 (1980) ("[H]istorically both civil and criminal trials have been presumptively open."). The common law right of access can be abrogated in "unusual circumstances," where "countervailing interests heavily outweigh the public interests in access." *Rushford*, 846 F.2d at 253; *accord Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 121 (D. Md. 2009).

The common law right of access is buttressed by a "more rigorous" right of access provided by the First Amendment, which applies to a more narrow class of documents, but is more demanding of public disclosure. *Rushford*, 846 F.2d at 253. If a court record is subject to the First Amendment right of public access, the record may be sealed "only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (citing *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984)). "When presented with a sealing request, our right-of-access jurisprudence requires that a district court first 'determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake.'" *Doe*, 749 F.3d at 266 (4th Cir. 2014) (quoting *Stone*, 855 F.2d at 181).

In the Fourth Circuit, it is well established that "the more rigorous First Amendment standard should also apply to documents filed in connection with a summary judgment motion in a civil case." *Rushford*, 846 F.2d at 252-53. Here, plaintiffs seek the sealing of both past and operative summary judgment motions, as well as the exhibits included with them. Thus, plaintiffs' proposed sealing must be based on a compelling governmental interest, and narrowly tailored to serve that interest.

With this framework in mind, I conclude that sealing is not warranted. In their Statement, plaintiffs offer no specific factual representations to support their sealing requests. Rather, they provide only a generic assertion that the cited information is "personal" and has been designated by plaintiffs as confidential. ECF 99 at 1. Furthermore, plaintiffs do not address why an alternative to sealing would not provide sufficient protection, even though the material they identify is only a small part of each summary judgment motion.

To be sure, "[s]ensitive medical or personal identification information may be sealed," so long as the request is not overbroad. *Rock*, 819 F. Supp. 2d at 475 (citing *Pittston Co. v. United States*, 368 F.3d 385, 406 (4th Cir. 2004) and *Briggs v. Marriott Int'l, Inc*., 368 F. Supp. 2d 461, 463 n. 1 (D.Md.2005), *aff'd*, 205 Fed. Appx. 183 (2006)).  However, a "wholesale" request for sealing of "the entirety of the summary judgment briefing and accompanying exhibits" is overbroad, and "would infringe too extensively on the public right to access court records." *Rock*, 819 F. Supp. 2d at 476.

Furthermore, much of the specific medical information identified by plaintiffs in the Safeguard and PNC motions is generic, or has already been disclosed by plaintiffs in their Complaint.  No actual medical records are at issue, but rather references to medical information or conditions in deposition transcripts and Safeguard's motion.  Several of the references to medical information cited by plaintiffs are simply mentions of "health," or the health consequences of dust from plaintiffs' remodeling, as a reason for plaintiffs not residing at the property at issue in this case.  *See* ECF 63-2 (Amanda Norris Depo.) at 5, 51; ECF 63-3 (Joseph Norris Depo.) at 4-6; ECF 76-2 (Joseph Norris Depo.) at 3, 6; ECF 76-3 (Amanda Norris Depo.) at 7-8, 10, 15.  This is not specific, sensitive medical information, and does not warrant sealing.

Other references cited by plaintiffs are to plaintiff Joseph Norris's kidney failure.  *See* ECF 63-2 at 5, 51; ECF 76-3 at 8, 15.  However, plaintiffs already mentioned Mr. Norris's kidney failure in their Complaint.  *See* ECF 2 at 8.  Plaintiffs cannot disclose a medical condition in their own public filing and then attempt to seal defendants' filings on the basis that they also discuss this condition.  The cited deposition transcript excerpts in defendants' filings discuss Mr. Norris's kidney failure in slightly more detail than the Complaint, but this is not sufficient to warrant sealing.

The final reference to medical information cited by plaintiffs is a mention of plaintiff Amanda Norris's rash in Safeguard's summary judgment motion, and attached deposition excerpts discussing this rash. *See* ECF 63-1 at 16; ECF 63-2 at 43-49. This issue does not appear in PNC's motion. The relevant portions of the motion and deposition discuss in general terms when the rash appeared, where it appeared, when Ms. Norris visited a dermatologist, and her conversations with the dermatologist. ECF 63-1; ECF 63-2 at 43-49.[3] Safeguard references this issue in the course of arguing that plaintiffs have offered no evidence to support their damages claims, including their claims for personal injuries, discussing the rash as the one concrete example of plaintiffs asserting a physical injury. ECF 63-1 at 15-16.

Given the level of generality at which this issue is discussed, its importance to plaintiffs' damages claims in this suit, and the First Amendment standard that is applicable, I conclude that the inclusion of this particular material does not justify sealing Safeguard's entire summary judgment motion. It is necessarily the case that a lawsuit filed by plaintiffs, seeking damages for plaintiffs' asserted medical conditions, will involve some discussion of those conditions and their relationship to the actions of defendants. There is no particular stigma attached to the information subject to disclosure. And, the mere fact that records may be personal or embarrassing does not alone justify sealing those records from public inspection, particularly at the summary judgment stage. *See, e.g.*, *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992); *Rock*, 819 F. Supp. 2d at 475-76.

In addition, plaintiffs invoke the identification of their son's school as a basis for sealing. ECF 99 at 1. Specifically, both the Safeguard and PNC motions include deposition transcript

---

[3] Ms. Norris was not able to testify as to the specific diagnosis for the rash, nor the specific name of the medication prescribed by the dermatologist. ECF 63-2 at 45-47.

excerpts which, at one point, name the high school plaintiffs' son attended during the 2017-2018 school year. *See* ECF 63-2 at 52-53; ECF 76-3 at 16. This information is included in the context of an argument that one or both plaintiffs were actually living at a separate property, within the school zone. *See* ECF 63-1 at 4-5, 13-14; ECF 76-1 at 2, 5-6. Notably, plaintiffs' son is no longer a minor. ECF 59 at 2.[4] Furthermore, Judge Gesner has ruled that references to plaintiffs' son are not appropriately designated as confidential, except for references to his name. ECF 84 at 3. In light of this, and given the relevance to the case and the lack of any specific, factual harm cited by plaintiffs, this identification does not support sealing the motions.

Plaintiffs assert that they had designated this medical and personal information as confidential. ECF 99 at 1. As proof, they have included medical release authorizations for this litigation from counsel for Safeguard, signed by both plaintiffs. *See* ECF 99-1 (release for Joseph Norris); ECF 99-2 (release for Amanda Norris). Plaintiffs wrote "Confidential" on the top of both documents, designating them as confidential under the Confidentiality Order. *See* ECF 38, ¶ 1(a). They appear to argue this was sufficient to designate all medical information as confidential. Safeguard and PNC contest that plaintiffs ever designated any medical information as confidential, arguing they never expressed a desire to do so until the Statement. ECF 100, ¶¶ 5, 6. Defendants note that in the errata sheets for plaintiffs' depositions, from which all supposedly confidential information at issue here is derived, plaintiffs designated everything about their son and the second address as confidential, but made no confidentiality assertions as to the medical information that was discussed at each deposition. *See* ECF 63-9 (errata sheets) at 1, 2, 4.

---

[4] Ms. Norris's testimony and plaintiffs' Statement suggest, but do not explicitly state, that plaintiffs' son is no longer enrolled at the school in question. *See* ECF 63-2 at 52-53; ECF 99 at 1.

Based on the record before the Court, defendants have the better of the argument here. Under the terms of the Confidentiality Order, writing "Confidential" on the medical release forms was sufficient to designate those forms as confidential, but this did not designate all medical information as confidential. ECF 38, ¶ 1(a). If a party wished to designate a portion of a deposition as confidential, it was required to do so at the deposition or within seven days of receipt of the transcript. *Id.* ¶ 1(b). And, the errata sheets indicate that plaintiffs exercised this power regarding their son and the second address, but not their medical information. *See* ECF 63-9. Furthermore, as noted, Judge Gesner rejected plaintiffs' blanket assertion of confidentiality regarding their son. ECF 84 at 3. Plaintiffs did not object to Judge Gesner's ruling on this issue. Moreover, simply because information was designated as confidential under a protective order does not automatically mean the Court must seal such information if included as part of a summary judgment motion, given the First Amendment protections afforded to such motions. *See Rushford*, 846 F.2d at 252-54; *In re Marriott*, PWG-19-2879, 2019 WL 4855202, at *2 (D. Md. Aug. 30, 2019).

There is also a strong argument that, by waiting more than six weeks, without explanation, to move to seal PNC's original summary judgment motion, while the motion was on the public docket, plaintiffs have waived their claim for the sealing of that motion. *See, e.g.*, *Craddock v. LeClairRyan*, No. 3:16-cv-11, 2019 WL 2437460, at *10 (E.D. Va. June 11, 2019) (waiver when party waited 36 days to move to seal); *Benedict v. Hankook Tire Co. Ltd.*, 323 F. Supp. 3d 747, 756-58 (E.D. Va. 2018) (collecting cases). But, because I conclude that the motion does not warrant sealing in any case, I need not rule on the waiver issue. In addition, the fact that most of the information in Safeguard's motion that plaintiffs assert to be confidential was on the public docket for six weeks in PNC's motion weakens plaintiffs' argument as to the need to seal Safeguard's motion.

Finally, in their Statement, plaintiffs write: "If [ECF 63 and ECF 76] are allowed to be filed unsealed, Plaintiffs want to be able to do the same with Defendants' documents that are labeled 'CONFIDENTIAL' and Plaintiffs' Motions' that includes [sic] information that Defendants labeled as 'CONFIDENTIAL.'" ECF 99 at 2. But, the sealing process is not a tit-for-tat. Regardless of the Court's resolution of this sealing dispute, plaintiffs must take care to ensure that they file under seal any material that defendants have designated as confidential, as required by the Confidentiality Order. *See* ECF 38, ¶ 2. If plaintiffs believe that defendants have inappropriately designated any material as confidential, or that the material should not be sealed at the summary judgment stage, they may make such arguments by motion.

Local Rule 105.11 provides that, if a motion to seal is denied, "the party making the filing will be given an opportunity to withdraw the materials." But, this provision does not apply here, when both Safeguard and PNC have made clear that they wish to publicly file their summary judgment motions.

### III. Conclusion

For the foregoing reasons, I shall deny plaintiffs' request to seal defendants' summary judgment motions; I shall grant Safeguard's request to withdraw its Motion to Seal, except for Exhibit 9; and I will direct the Clerk to unseal the summary judgment motions.

An Order follows.

Date: December 16, 2021                           /s/
                                            Ellen L. Hollander
                                            United States District Judge