IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AMANDA NORRIS, *et al*,

  *Plaintiffs*

  v.

PNC BANK, N.A., *et al*,

  *Defendants.*

Civil No. ELH-20-3315

**MEMORANDUM**

This Memorandum resolves the "Emergency Motion for Extension of Time to Oppose Defendants' Motion for Summary Judgment" filed by the self-represented plaintiffs, Amanda Norris and Joseph Norris III. ECF 114 (the "Motion"). The Motion is supported by two exhibits. ECF 114-1; ECF 114-2.[1] The Motion seeks a 45-day extension for plaintiffs to respond to defendants' summary judgment motions. ECF 109 (Safeguard Properties Management, LLC); ECF 110 (PNC Bank, N.A.).

Defendants have jointly responded in opposition to the Motion. ECF 116. They oppose the requested 45-day extension, but they indicate they would not oppose a two-week extension, in light of Mr. Norris's health condition. *Id*. at 2-3.

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall grant the Motion, in part. In particular, I shall grant plaintiffs an extension until January 26, 2022.

---

[1] Plaintiffs filed the Motion on December 23, 2021, but it was not docketed until December 27, 2021. ECF 114.

## I. Procedural History

I recount only those aspects of the procedural history of this case that are pertinent here.

Plaintiffs filed suit against Safeguard Properties Management, LLC ("Safeguard") and PNC Bank, N.A. ("PNC"), alleging breach of contract, trespass, and invasion of privacy/intrusion upon seclusion. ECF 2 (the "Complaint").[2] PNC serviced plaintiffs' mortgage, on which plaintiffs defaulted. *Id*. ¶¶ 2, 4. The suit arises from alleged unauthorized entries into plaintiffs' home by agents of defendants. *Id*. ¶ 7. The house is located in Baltimore County, and the entries allegedly occurred between October and December of 2017, "under the pretext of protecting" the home, "because it was purportedly reported vacant." *Id*.

Safeguard answered the Complaint on November 19, 2020. ECF 5. PNC answered the Complaint on December 4, 2020. ECF 13. On December 9, 2020, I entered a Scheduling Order. ECF 14. Among other things, I set a discovery deadline of May 6, 2021, and a dispositive motion deadline of June 7, 2021. After a series of extensions (ECF 33; ECF 47; ECF 53), discovery ended on September 24, 2021, and the deadline for dispositive motions was extended to October 18, 2021.

On June 8, 2021, I referred the case to Magistrate Judge Beth Gesner for discovery and related scheduling matters. ECF 41. Thereafter, discovery disputes were brought to Judge Gesner involving plaintiffs and Safeguard (*see* ECF 55; ECF 58; ECF 59), as well as plaintiffs and PNC. *See* ECF 57; ECF 60. In general, plaintiffs asserted that defendants' discovery production was inadequate. *See* ECF 84 at 1, 4.

---

[2] Suit was filed in the Circuit Court for Baltimore County and removed to this Court by PNC, with Safeguard's consent. ECF 1.

Of relevance here, in requesting an extension of discovery on June 4, 2021, plaintiffs cited, among other justifications, an interest in conducting "written depositions." ECF 39, ¶ 2.[3] But, they stated that they wished to "have all of the requested discovery" before doing so, which was a reference to their contention that production had been inadequate. *Id*. In opposing this requested extension, Safeguard and PNC noted that plaintiffs had not yet taken action to pursue depositions, aside from an initial inquiry in March 2021 as to dates to depose Safeguard, to which Safeguard responded. ECF 44 at 1; ECF 45 at 1. Ultimately, Judge Gesner granted a sixty-day extension of discovery. ECF 47.

Safeguard moved for summary judgment on September 27, 2021. ECF 63. PNC moved for summary judgment on October 15, 2021. ECF 76. After Safeguard moved for summary judgment, plaintiffs requested permission to respond to Safeguard's motion within 30 days of the filing of PNC's then impending summary judgment motion. ECF 71. The Court granted the motion, in part; plaintiffs were granted 21 days to respond, dating from the filing of PNC's summary judgment motion. ECF 72. This ultimately produced a deadline of November 8, 2021.

Plaintiffs then moved to stay the filing of their response to defendants' summary judgment motions until the resolution of then-pending discovery disputes. ECF 80. In the alternative, plaintiffs sought a seven-day extension to respond. *Id*. Defendants opposed the stay request, but did not oppose the extension request. ECF 82. I denied the stay request but granted the seven-day extension, until November 15, 2021. ECF 83.

Judge Gesner resolved the aforementioned discovery disputes in a ruling on November 1, 2021. ECF 84. She required the defendants to supplement or provide discovery by November 15,

---

[3] Plaintiffs repeatedly refer to "written depositions" in their filings. This appears to be a reference to depositions by written questions, as authorized by Fed. R. Civ. P. 31.

2021, as ordered. *Id*. at 4, 6. Notably, Judge Gesner's ruling did not extend discovery or address the issue of written depositions.

Specifically, Judge Gesner ordered Safeguard to supplement its responses to three of plaintiffs' interrogatories, so as to identify more specifically the documents and information noted in its responses; respond to one of plaintiffs' interrogatories, but for a reduced time period; produce a complete, unredacted version of an insurance policy, as requested by plaintiffs; and produce a privilege log. *Id*. at 1-4. And, Judge Gesner ordered PNC to supplement its responses to seven of plaintiffs' interrogatories, so as to identify more specifically the documents and information noted in its responses; respond to one of plaintiffs' interrogatories, but for a reduced time period; and produce a privilege log. *Id*. at 4-6.

On November 9, 2021, plaintiffs moved for a 60-day extension of the deadline to oppose defendants' motions for summary judgment. ECF 89. They argued that the forthcoming discovery was needed for their opposition, and wanted time to review the material. *Id*. at 1-3. They also cited a desire to make "inquiries" as to "outstanding issues that Judge Gesner did not address," such as their desire to take written depositions. *Id*. at 2.

Safeguard (ECF 91) and PNC (ECF 92) responded in opposition. They contended that the forthcoming material had no bearing on plaintiffs' ability to respond to summary judgment, and noted the extensions that plaintiffs had already received. ECF 91 at 2-3; ECF 92 at 1-3.

In a Memorandum (ECF 94) and Order (ECF 95) of November 12, 2021, I denied defendants' summary judgment motions as premature, without prejudice, in view of Judge Gesner's ruling ordering defendants to provide additional discovery.[4] I gave defendants until December 15, 2021, to file a second round of summary judgment motions. In addition, I ordered

---

[4] I also addressed several other issues, not relevant here.

plaintiffs to file their opposition to defendants' summary judgment motions within 28 days of the date on which the later of the summary judgment motions was filed. As to plaintiffs' reference to written depositions, I noted that discovery had closed on September 24, 2021, and that Judge Gesner had not reopened it in her ruling. ECF 94 at 4 n.3.

Plaintiffs sent a letter to Judge Gesner on December 6, 2021, to "inquire as to [her] intent" in her ruling. ECF 107. They asserted that they had "explained that [they] wanted to take written depositions," but that Judge Gesner's ruling was "silent on that issue."[5] *Id*. They asked Judge Gesner to "clarify [her] intent on this issue." *Id*. Plaintiffs also asked Judge Gesner to reconsider her ruling on an unrelated issue. *Id*.

On December 9, 2021, Judge Gesner docketed the letter. *See* ECF 108. She clarified that the court would not take further action until plaintiffs followed her informal discovery dispute procedure, which they had not done. *Id*. In a second letter to Judge Gesner, received on December 23, 2021, plaintiffs asserted that they had already followed this procedure, appearing to refer to the initial discovery disputes that culminated in Judge Gesner's ruling of November 1, 2021. ECF 115. They asked Judge Gesner to "clarify exactly" what she wanted them to do. *Id*.

In the interim, Safeguard filed its second summary judgment motion on December 14, 2021. ECF 109. PNC filed its second summary judgment motion on December 15, 2021. ECF 110. Defendants' motions are virtually identical to their original summary judgment motions. Plaintiffs' opposition to the motions is currently due on January 12, 2022.

---

[5] Plaintiffs asserted that they raised the issue of written depositions with the court in their motion to extend discovery of June 4, 2021 (ECF 39), as well as in their "informal dispute letter." ECF 107. The informal dispute letter does not appear to be docketed. In ECF 39, plaintiffs did, indeed, reference a desire to take written depositions after receiving all discovery. But, that motion was disposed of by Judge Gesner on June 15, 2021. *See* ECF 47.

## II. Discussion

Plaintiffs cite several reasons in support of their extension request. First, they cite Mr. Norris's health condition, which resulted in "emergency surgery" on December 23, 2021, for which "recovery will take several weeks." ECF 114 at 1. Second, they reference their interest in clarifying Judge Gesner's ruling, including as to the possibility of depositions. *Id*. at 2-3. Third, they appear to contend that they need more time to review the additional discovery production ordered by Judge Gesner. *Id*. at 3. Finally, they cite "delays due to the holidays." *Id*.

A schedule set by the Court may be modified only for "good cause." Fed. R. Civ. P. 16(b)(4). Furthermore, Fed. R. Civ. P. 56(d) provides that the Court may "defer considering" a summary judgment motion "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." The Fourth Circuit has also said that failure to file an affidavit may be excused "if the nonmoving party has adequately informed the district court that the motion is premature and that more discovery is necessary" and the "nonmoving party's objections before the district court 'served as the functional equivalent of an affidavit.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244-45 (4th Cir. 2002) (internal citations omitted).

Plaintiffs submitted an exhibit that indicates that Mr. Norris was hospitalized from December 22, 2021, to December 23, 2021. *See* ECF 114-1. The plaintiffs have not provided any information in the Motion as to his medical condition. Nevertheless, in light of Mr. Norris's recent surgery and defendants' consent to a two-week extension, a further, brief extension is warranted. However, plaintiffs have not demonstrated good cause as to a 45-day extension.

Safeguard first moved for summary judgment on September 27, 2021, and PNC so moved on October 15, 2021. The Court granted two initial extensions for plaintiff to respond, before resetting the date for the filing of summary judgment motions. Although the Court held the initial

summary judgment motions to be premature in light of Judge Gesner's discovery ruling, the additional production ordered by Judge Gesner was modest, and defendants' new summary judgment motions are virtually identical to their original motions. Thus, by January 26, 2022, plaintiffs will have effectively had four months to prepare their response to Safeguard's motion, and more than three months to prepare their response to PNC's motion. Furthermore, plaintiffs will have had more than two months to review defendants' additional discovery production, which was completed by November 15, 2021. This is more than enough time to respond.

Plaintiffs' arguments as to written depositions are also not persuasive. Discovery closed on September 24, 2021, and Judge Gesner's ruling did not reopen discovery to permit additional discovery. Plaintiffs have not articulated any specific reasons as to why written depositions are necessary to justify their opposition to summary judgment. Nor is it clear why plaintiffs did not complete discovery in the ample time provided.

Furthermore, although Judge Gesner issued her discovery ruling on November 1, 2021, and plaintiffs expressed their intention to "make inquiries" as to Judge Gesner's ruling in their motion of November 9, 2021 (ECF 89 at 2), they do not appear to have made any such inquiries until their letter of December 6, 2021, roughly one month later. In sum, this issue does not warrant a further delay in responding to the summary judgment motions.

### III. Conclusion

For the foregoing reasons, I shall grant the Motion in part, and extend the deadline for plaintiffs to respond to defendants' summary judgment motions until January 26, 2022.

An Order follows.

Date:  January 3, 2022                                  /s/
                                                 Ellen Lipton Hollander
                                                 United States District Judge