USDC- BALTIMORE
'22 AUG 17 PM2:56



**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MARYLAND**

AMANDA NORRIS, et al

   Plaintiffs,

   v.                                                                     Case No. 1:20-cv-03315-ELH

PNC BANK, N.A., et al

   Defendants,

**PLAINTIFFS' REPLY TO DEFENDANT PNC'S OPPOSITION TO**

**PLAINTIFFS' MOTION FOR RECONSIDERATION**

   Plaintiffs, Amanda and Joseph Norris III, Reply to Defendant PNC's Opposition to Plaintiffs' Motion for Reconsideration and in support states as follows:

   Plaintiffs incorporates the statements that address this topic in Plaintiffs Opposition to PNC's Motion in Limine,  Plaintiffs' Opposition to Safeguard's Motion for Leave, Plaintiffs' Reply to Safeguard's Response to Plaintiffs' Motion to Reconsider, etc.

   In its opposition. (ECF 173) PNC claims that the court "rejected  Plaintiffs' argument that R.P. section 7-105.18 requires a court order before a property may be considered 'vacant'. "  But then in the next sentence it states,

"The Maryland statue provides that a secured party may commence a **FORECLOSUE** action if a property is 'vacant' and ….stating that the court rejected Plaintiffs' argument and explained in the Memorandum Opinion that the language in the Deed of Trust (DOT) is "clear that the Property need only be 'vacant <u>or</u> abandoned'.  However, what PNC ignores and apparently the court did not address as it relates to this issue, is that there is another provision of the contract that is just as clear.  Paragraph 14, "Governing Law; Severability of the Contract"  of  the DOT explicitly states:

"Security Instrument ***shall*** be governed by Federal law **and** the law of the jurisdiction in which the Property is located…" (emphasis added) (ECF 1-2 para. 27)

It is common knowledge that Federal protections under the law are the minimum protections. However, states have the authority to add to those protections under the law. Federal law is the minimum protections not maximum protections. Justice Ketanji Brown Jackson explained this at her recent confirmation hearing. The guidance from the U.S. Department of Housing and Urban Development for servicing FHA-insured loans therefore is just that guidance. It is the minimum of protections. However, Maryland used its authority to add protections for its citizens that according to the DOT, PNC's compliance was obligated. Moreover, the Maryland AG confirmed those protections. "Even when a home is in **default or foreclosure**, **lenders** and their **agents must** still comply with state law and respect the rights of homeowners and occupants…" (ECF 134 Plaintiffs' Exhibits Ex. 1A)

The language says "shall" not may or at PNC's discretion, etc. It stands to reason that if the FHA rules and regulations governs this case, Maryland law governs it as well which includes but is not limited to housing law.

Furthermore, foreclosure is "intimately related." "Thus, even assuming the arguments are different, they're 'intimately related.'" *De Simone v. VSL Pharmaceuticals, Inc.,* 36 F.4th 518, 531 (2022)

Once Defendant initiated foreclosure, foreclosure became intimately related and inextricably linked. In short, the trusts are inextricably linked and limiting James's right to an accounting of Trust B will not satisfy the Trustee's legal responsibility to him. *Johnson v. Johnson,* No. 126, Sept. Term, 2008.[1]

---

[1] Defendants claim that only Maryland law can be cited. However, Maryland Courts have recognized other jurisdictions such as in this case, "Other jurisdictions, however have limited…." Additionally, the case law that Plaintiffs cite comes from the case law that Defendants cited. The court also explained in its Memorandum Opinion that it did not go through all of the exhibits nor was it required to do so. As for PNC's note on Punitive Damages, please see Justice Sotomayor's ruling which states that punitive damages are "inextricably linked to the underlying cause of action"- hard to justify a different standard of proof. *Greenbaum v. Handelsbranken,* N.Y., 979 F.Supp 973, [3](1997). Plaintiffs also refer exhibits "punitive damages" pg. 46 in its Opposition to Defendants' MSJs which we believe further supports our position.

PNC continues with its own "bold" argument that Maryland foreclosure statute that the Plaintiffs cite "cannot have any bearing on the proper interpretation of the Deed of Trust because the statute was not in effect in 2003" when Plaintiffs executed the DOT at the same time it directs this court's attention to the recent provision in the FHA guidelines.

First,  one of PNC claims is that this statute is not applicable, because it wasn't enacted until October 1, 2017; therefore, it doesn't govern the word "vacant."  The undisputed facts are that the first violations occurred in late October 2017.  Specifically, October 21,  25, 26 of 2017.  So, not only does it govern the word "vacant", more importantly, it governs whether the PNC had the authority to "secure" the Property as well.

Second, PNC cannot have its cake and eat it too.  It cannot claim it had the authority under the recent FHA law  and at the same time claim that it did not have to comply with Maryland law because it wasn't enacted until 2017.

Third, the DOT doesn't even make such a claim.  No where in that provision of the DOT does it state that it only applies to the  applicable law at the time that the DOT was executed.  It only makes common sense that this provision was meant to include any changes in the law.  Therefore, Maryland statues are relevant in this case , and contrary to PNC's argument, Maryland statute does have "impact on the proper interpretation of the Deed of Trust;" the statute does "comport" with the language of the DOT; and it has a direct bearing on the parties' contractual rights' under the DOT.  Moreover,  as discussed above,  the Maryland AG agrees.  The language of the contract does not state that it replaces the law. To the contrary, the language states that it must comply with it.

In a situation where the contract states that it must comply with the law; where the language of the contract is inconsistent with the law; the language of the law prevails.

## CONCLUSION

For all of the foregoing reasons  and in the reasons discussed in Plaintiffs' Motion, Plaintiffs  believe

this is a "clear error causing manifest injustice."  Defendants violated the law.  It did not have the

authority by law or by  Plaintiffs.   Plaintiffs' Motion should therefore be granted.  Plaintiffs would be

prejudiced otherwise.

Respectfully submitted,

_Joseph Norris III_
Joseph Norris III

_Amanda Norris_
Amanda Norris
8616 Inwood Rd.
Windsor Mill, MD 21244
(443) 418-9414

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August____/8th___, 2022, I caused a true and correct copy of the foregoing
Reply was served via first class mail, postage prepaid, upon the following:

Daniel J. Tobin, Ballard Spahr LLP, 1909 K. St., NW, 12th Floor, Washington, DC 20006, Counsel for
Defendant PNC Bank, N.A.

Matthew Berkowitz, Carr Maloney, 2000 Pennsylvania Ave., NW, Suite 8001, Washington, DC 20006,
Counsel for Defendant Safeguard Properties

_Amanda Norris_
Amanda Norris