IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AMANDA NORRIS, *et al.*,

   *Plaintiffs*,

   v.

PNC BANK, N.A., *et al.*,

   *Defendants*.

Civil Action No. ELH-20-3315

## MEMORANDUM

Following an eleven-day jury trial in June 2023, the jury in this civil case returned a defense verdict on June 22, 2023. ECF 272. Judgment was entered on June 29, 2023. ECF 275. Thereafter, on July 10, 2023, the self-represented plaintiffs, Amanda Norris and Joseph Norris, III, noted an appeal. ECF 276.

On August 22, 2023, plaintiffs filed "Plaintiffs' Emergency Motion To Disclose Jury Information." ECF 286 (the "Motion"). In the Motion, plaintiffs ask the Court "to release complete jury information in the above captioned case in accordance with *In re Baltimore Sun Company*, 841 F.2d 74 (4th Cir. 1988) which includes but is not limited to: venire list- all prospective jurors in the jury pool containing all information, names, addresses, occupations, marital status, race, ages, the preemptory strikes and the reasons given for those strikes, the race and ages of those so stricken, the same for those that remained after the strikes and those that were finally seated, etc. . . . ." *Id.* at 1. Defendants oppose the Motion. ECF 288 (the "Opposition").

In the interim, plaintiffs filed the same motion with the Fourth Circuit. *See Norris, et al. v. Safeguard Properties, et al.*, Appeal No. 23-1736, ECF 14. On August 28, 2023, the Fourth

Circuit issued an Order, stating: "The Court defers consideration of the motion to disclose jury information pending review of the appeal on the merits after completion of informal briefing." *Id.*, ECF 15.

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, the Clerk shall administratively close the Motion.

## Discussion

In the Opposition, defendants cite plaintiffs' filing of an appeal to the Fourth Circuit and the Fourth Circuit's Order to argue that the District Court no longer has jurisdiction with respect to the Motion. ECF 288 at 1–2. Further, they contend that plaintiffs have waived their right to the disclosure of the jury information they seek. *Id.* at 2–3. And, in any event, defendants contend that plaintiffs are not entitled to the requested information. *Id.* at 4.

As defendants point out, when plaintiffs filed an appeal to the Fourth Circuit, jurisdiction transferred from the district court to the Fourth Circuit. *Id.* at 2. In *FTC v. Lin*, 66 F.4th 164, 166 (4th Cir. 2023), the Fourth Circuit said:

> Forty years ago, in *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982), the Supreme Court held that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." We followed suit in *Doe v. Public Citizen*, 749 F.3d 246, 258 (4th Cir. 2014), observing that "[g]enerally, a timely filed notice of appeal transfers jurisdiction of a case to the court of appeals and strips a district court of jurisdiction to rule on any matters involved in the appeal." We explained that "[t]his rule fosters judicial economy and guards against the confusion and inefficiency that would result if two courts simultaneously were considering the same issues." *Id.*

In my view, in light of the pending appeal, I lack jurisdiction to address the Motion. Therefore, I shall direct the Clerk to administratively close the Motion.

An Order follows, consistent with this Memorandum.

Date: January 24, 2024                                                          /s/

                                                                                  Ellen L. Hollander
                                                                                   United States District Judge